JENNIFER M. URQUIZU SBN 231134
LAW OFFICES OF JENNIFER M. URQUIZU
Temecula, CA 92590
Telephone: 951-699-6878
Facsimile: 951-639-6063

Attorney for Debtor,

Humberto and Maria Triana

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| IN RE MATTER OF: | ) Case No: 6:10-bk-51160 |
| HUMBERTO TRIANA | ) DATE: May 10, 2011 |
| and | ) TIME: 2:00pm |
| MARIA TRIANA, | ) DEPT: Courtroom 303 |
| | ) Motion to Determine Nature and Extent of |
| Debtors, | ) Liens 11 U.S.C. §506(a) |
| | ) *To strip liens that appear to be secured by the* |
| | ) *debtor's residence but which are completely* |
| | ) *unsecured* |

### JURISDICTION

1. Debtors filed a Chapter 11 Case in this court on December 23, 2010 and this court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a) which provides that the district courts shall have original and exclusive jurisdiction of all cases and proceedings under title 11, 28 U.S.C. §157(a) which authorizes the district courts to Complaint to Determine Nature and Extent of Lien refer all title 11 cases and proceeding to the bankruptcy judges for the district and General Order No 266 (as amended from time to time) transferring all title 11 cases and proceedings to the bankruptcy judges for the Central District of California. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

2. The debtor herein is the owner of record, or has equitable ownership in that real property commonly known as 9292 & 9292 ½ Pepper, Fontana CA 92335.

3. This property is more particularly described as: East 120 Feet of Lot 10, Block 9, Fontana Acres No. 8 as Per Plat Recorded in Book 25, Page 5 of Maps in the City of San Bernardino, Ca APN#0193-101-60-0-000 of San Bernardino County, State of California, as recorded in the office of the County Recorder of said county.

4. The value of the property, as shown on the debtor's schedules filed under oath, is $140,000.00.

5. The Creditors holds a lien on the property which is evidenced by recorded Deed of Trust which purports to encumber such property.

6. The recorded instrument reflecting the Creditor's lien was recorded in San Bernardino County, California.

7. Debtor alleges that the purported "lien" is fully unsecured in that the lien having priority over that of the Creditor's, total to more than the value of the property at the time of the commencement of the case.

8. 11 U.S.C.A. §506 reads, in pertinent part as follows:

**11 USCA § 506 -DETERMINATION OF SECURED STATUS**

*(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.*
*(b) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless — ...*

9. Debtor further alleges that for the purpose of 11 U.S.C. §506 the appropriate date of valuation is the date of the commencement of this case and the purpose of valuation is to determine if, upon immediate liquidation at the time of the commencement of the case, there would be any equity in the property such that the Creditor would be able to recover any money upon it's lien.

10. The liens on this property, in order of priority are as follows:

| Lien Holder | Amount Due |
| --- | --- |
| Bank of America | $297,088.73 (based on amount shown on Proof of Claim) |
| Bank of America | $100,894.00 (based on Second Mortgage Statement) |

11. Debtor alleges that the lien of the Creditor is completely unsecured and that pursuant to 11 U.S.C. § 1322(b)(2) the debtor's Chapter 11 plan may modify the rights of holders of unsecured and secured claims with one exception. The exception is that a debtor cannot modify a claim that is secured by a security interest in the principal residence of the debtor. Since the Creditor's claim herein is NOT so secured the Creditor's claim may be modified by the Chapter 11 plan and treated as an unsecured claim.

12. **Upon the confirmation of the debtor's Chapter 11 plan the Creditor shall be required to release the lien and the Order of Confirmation may contain language removing such lien.**

13. Code § 506(a) is a provision of general applicability in cases under Chapter 7, 11, 12 and 13 of the Code. MATTER OF NOBLEMAN, 968 F.2D 483, 485 (5TH CIRCUIT 1992). Code §506(a) bifurcates claims into secured and unsecured components. A claim is secured to the extent of the value of the collateral. Any claim by the creditor above the value of the

MOTION TO DETERMINE NATURE AND EXTENT OF LIEN

collateral is treated as an unsecured claim. <u>MATTER OF GLENN</u>, 796 F.2D 1144, 1147 (9TH

CIRCUIT 1986).

14. The interplay between Code §§ 1322(b)(2) and 505(a) has previously created

controversy. One disputed issue in the courts was whether a debtor can modify the rights of a

holder of an under secured home mortgage. The Supreme Court resolved the issue in

<u>NOBLEMAN V. AMERICAN SAVINGS BANK</u>, 508 U.S., 113 S.CT. 2106, 124 L. ED. 2D

228 (1993). The Supreme Court held that the debtors could not modify the bank's rights under

it's secured claim. The court held that the exception to modification applied to both the secured

and unsecured components of a secured creditor's claim. The court interpreted ``holders of

secured claims" as an initial requirement that a creditor must satisfy to gain the protection of

Code § 1322(b)(2). In order to determine whether a creditor is a holder of a secured claim, the

Court referred to Code § 506(a).

15. The facts in this Chapter 11 case differ from NOBLEMAN -V-AMERICAN

SAVINGS in that in Nobleman the bank had a partially secured claim, here the Creditors have

no part of their claims which are secured.

16. The policies behind Code § 1322(b)(2) support the debtor's position. The legislative

history indicates that Congress intended to distinguish between secured and unsecured claims,

rather than between secured and unsecured creditors. IN RE HORNES, 160 B.R. 709, 718

(BANKR. D. CONN. 1993); Plouffe, 157 B.R. at 200.

17. The position urged by the debtor is now clearly the law in this circuit by virtue of the

ruling <u>IN THE MATTER OF LAM</u> 211 BR 36.

18. The provisions of 11 USCA § 349(b)(1)(C) provides that any lien voided under

section 506(d) is reinstated. Since the lien is "reinstated" after having been voided the debtor

herein alleges that upon confirmation of the plan the lien is to be voided forthwith and not voided upon completion of the Chapter 11 plan. A different interpretation would make the reference to "reinstated" of no legal force or effect.

**WHEREFORE**, Debtor prays that this court enter the following orders and make the following findings:

A.    That the lien of the Creditor, as described above, be determined to be completely unsecured and void and that said purported lien is not a lien on the debtor's real property as described above; and

B. That the Creditors be ordered to Reconvey any Deed of Trust; File an appropriate Acknowledgment of Satisfaction of Judgment or Release of Judgment Lien on said property or otherwise take such steps as are required to clear title, free of said lien, as to the above described property; and

C. If this complaint be contested and the debtor prevails, then the debtor shall have such attorney fees as this court may award provided that the document evidencing the Creditor's purported liens, or any note or obligation which such purported lien is to secure, has a provision therein awarding or allowing attorney fees for the enforcement of the purported lien or the enforcement of the obligation the purported lien is to secure.

Respectfully Submitted,

DATED: April 6, 2011

Jennifer M. Urquizu
Attorney for Debtor

JENNIFER URQUIZU STATE BAR NO. 231134
LAW OFFICES OF JENNIFER URQUIZU
42690 Rio Nedo Suite F
Temecula, CA 92590
Telephone: 951-296-5492
Facsimile: 951-639-6063

Attorney for Debtors,

Humberto and Maria Triana

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## RIVERSIDE DIVISION

| | |
|---|---|
| IN RE MATTER OF: | Case No:  6:10-BK-51160 |
| HUMBERTO and MARIA TRIANA | DECLARATION OF DEBTORS HUMBERTO AND MARIA TRIANA IN SUPPORT OF MOTION TO DETERMINE NATURE AND EXTENT OF LIEN |
| Debtors, | |
| | DATE: MAY 10,2011 TIME: 2:00PM DEPT:  303 |

## DECLARATION OF HUMBERTO AND MARIA TRIANA

1. We, Humberto and Maria Triana, the Debtors in the above entitled case do hereby declare that the foregoing is true and correct and based upon my personal knowledge.

2. We are the owner of real property located 9292 and 9292 ½ Pepper, Fontana CA 92335.

3. We have owned this rental property since 2007.  Based on our knowledge of the neighborhood, recent home sales on property that is similar to ours, we are able to determine the fair market value of my property.

4. Based on the aforementioned I believe the fair market value of my property at the time of filing to be $140,000.00

5. The remaining balance on the first mortgage owed to Bank of America is $297,088.73 as evidenced by the Proof of Claim, as attached hereto as Exhibit 1.

6. The remaining balance on the second mortgage owed to Bank of America is $100,894.49 as evidenced by the Mortgage Loan Statement, as attached hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of April, executed at Temecula, California.


/s/Humberto Triana,
Debtor, Humberto Triana

/s/Maria Triana
Joint Debtor, Maria Triana

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
42690 Rio Nedo  Ste F  Temecula Ca 92590

A true and correct copy of the foregoing document described as **MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(d)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below·

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/6/11_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 4/6/11_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Senior and Junior Lienholders: | Agent for Service of Process: | Bank of America's POC Request for Notice: |
| Bank of America | CT Corporation | 400 National Way  Mail Stop CA6-919-01-23 |
| 101 S. Tryon | 818 West Seventh Street | Simi Valley, CA 93065 |
| Charlotte, NC 28202 | Los Angeles, Ca 90017 | |
| Attn:  Brian T. Moynihan, President | | ☐ Service information continued on attached page |

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/6/11 | Michelle McConnell | *Michelle McConnell* |
| Date | Type Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                    Page 4                              **F 4003-2.4.MOTION**

II. **SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| Name of 1st Name of 1st Lien Holder & Address | Address from: | Delivery Method |
|---|---|---|
| Bank of America<br>101 S. Tryon<br>Charlotte, NC 28202<br>Attn: Brian T. Moynihan, President | ☐ Proof of claim  ☐ Secretary of State<br>☑ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☑ Certified mail –<br>  Tracking # 7010309000016306465?<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |
| Name of 1st Lien Holder- Agent for Service of Process<br><br>CT Corporation<br>818 West Seventh Street<br>Los Angeles, Ca 90017 | ☐ Proof of claim  ☑ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☑ Certified mail –<br>  Tracking # 7010309000016306466<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |
| Name of 1st Lien Holder – :<br>Bank of America's POC Request for Notice<br>400 National Way<br>Mail Stop: CA6-919-01-23<br>Simi Valley, Ca 93065 | ☑ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☑ Certified mail –<br>  Tracking # 7010309000016306468<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |

| Name of 2nd Lien Holder & Address | Address from: | Delivery Method |
|---|---|---|
| Bank of America<br>101 S. Tryon<br>Charlotte, NC 28202<br>Attn: Brian T. Moynihan, President | ☐ Proof of claim  ☐ Secretary of State<br>☑ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☑ Certified mail –<br>  Tracking # 7010309000016306469<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |
| Name of 2nd Lien Holder- Agent for Service of Process<br>CT Corporation<br>818 W. 74th St<br>Los Angeles, CA 90017 | ☐ Proof of claim  ☑ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☑ Certified mail –<br>  Tracking # 7010309000016306466<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |
| Name of 2nd Lien Holder – Servicing Agent | ☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | ☐ US Mail<br>☐ Certified mail –<br>  Tracking #_____<br>☐ Overnight mail –<br>  Tracking #_____<br>  Carrier Name: _____ |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Name of 3rd Lien Holder & Address | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail --<br>   Tracking #_____<br>   Carrier Name: _____<br>   _____ |
| Name of 3rd Lien Holder- Agent for Service of Process | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____<br>   _____ |
| Name of 3rd Lien Holder – Servicing Agent | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____<br>   _____ |

| Alternative/Additional Address | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Alternative/Additional Address | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail --<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

October 2010                              Page 6                         **F 4003-2.4.MOTION**